UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. MICHAEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 07-103-P-H |
| | ) | |
| MICHAEL A. LIBERTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

*MEMORANDUM DECISION ON MOTION FOR ATTACHMENT*

The plaintiff, David J. Michael, seeks an attachment in the amount of $400,000 against the property of defendant Michael A. Liberty. Motion for Approval of Attachment and Trustee Process, etc. ("Motion") (Docket No. 5).[1] The plaintiff's claim is based on a memorandum from Liberty to the plaintiff dated September 23, 2004 concerning a loan in the amount of $200,000 made by the plaintiff to Liberty.[2]

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule

---

[1] The other named defendants filed an opposition to this motion, careful to state that they object "to the extent [they] are legally obligated to respond." Defendants American Housing Preservation Corporation, Equity Builders, Inc. and Liberty Management, Inc. Objection and Memorandum of Law, etc. (Docket No. 18) at [2]. Their caution may have been inspired by the proposed "Order on Plaintiff David J. Michael's Motion for Approval of Attachment and Trustee Process" filed with the Motion, which orders attachment against "the property of Defendant*s*." The filing of draft orders granting the relief sought with a motion is not contemplated by this court's local rules or the Federal Rules of Civil Procedure. In any event, the Motion itself clearly seeks attachment only against the property of Liberty. While the plaintiff's reply memorandum argues at length that he is entitled to attachment against the property of the corporate defendants as well, Plaintiff's Reply Memorandum, etc. ("Reply") (Docket No. 20) at [3]-[4], the motion may not be amended and enlarged through a reply memorandum. By its own terms, the motion seeks attachment only against the property of Liberty.

[2] The memorandum, Exh. A to Affidavit of David J. Michael (Docket No. 2) ("Memorandum"), does not state to whom or what entity the loan was made, but the plaintiff states that it was made to Liberty. Motion at [2].

1

64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by affidavit . . . meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c). Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id*.(i).

The first, and fatal, problem with the plaintiff's submission is that the only affidavit he filed in support of the motion, Affidavit of David J. Michael ("Affidavit") (Docket No. 2), lacks either a jurat or the words prescribed by 28 U.S.C. § 1746: "I declare . . . under penalty of perjury that the foregoing is true and correct." *See Bramson v. Richardson*, 412 A.2d 381, 382 (Me. 1980) (purported affidavit lacking jurat not in fact an affidavit). In the absence of an affidavit in support of the motion, the motion must be denied.

Even if the plaintiff's affidavit had been properly sworn, the outcome would be the same. Of the $400,000 he seeks, $200,000 is identified as a "fee . . . paid in cash or from shares of ownership in a company called Healthy Dairy, LLC." Memorandum at 1. The memorandum does not state a time when payment of that fee is due. Accordingly, on the showing made, it cannot be said that it is more likely than not that the plaintiff will recover the fee in this action. Me. R. Civ. P. 4A(c).

With respect to the repayment of the $200,000 loan, Liberty contends that the plaintiff has not provided any evidence that he (Liberty) received "closing proceeds" from the properties listed in the memorandum and therefore has not shown a likelihood of recovering that amount. Defendant Michael Liberty's Objection and Memorandum of Law in Opposition to Plaintiff's Motion for Attachment, etc. (Docket No. 17) at [2].[3] The memorandum at issue states: "Your entire $200,000 loan will be repaid from the receipt of closing proceeds from the following Section 8 acquisitions[.]" Memorandum at 1. In his defective affidavit the plaintiff states "[o]n information and belief" that each of the

---

[3] Counsel on both sides of this case are reminded that this court's Local Rule 7(e) requires the pages of all memoranda of law to be (*continued on next page*)

"acquisitions" identified in the memorandum "closed over a year ago." Affidavit ¶ 10. In his reply memorandum the plaintiff contends that he "has provided ample evidence that the closing proceeds have been received," Reply at [2], because "the Court can logically infer [from the fact that closings have occurred] that proceeds from the closings have been received by" Liberty, *id*. at 2-3. However, that inference is not the only one that can be drawn from the fact that closings have occurred. Closings without proceeds are possible, as are closings from which the proceeds were not received by Liberty himself. The plaintiff also makes much of the fact that Liberty "does not even state that the closing proceeds have not been received," *id*. at [3] (emphasis omitted), but the burden of proof rests with the plaintiff in connection with his motion for attachment. The plaintiff speculates that "Liberty may have hidden proceeds in one or more of the Defendant Corporations." *Id*. at 4. Because attachment may operate harshly on the party against whom it is sought, Maine law requires strict compliance with the procedures prescribed by law and court rules. *Lindner v. Barry*, 2003 ME 91, ¶ 4, 828 A.2d 788, 790. Speculation is not sufficient; factual evidence is required. Evidence that is not now available to the plaintiff may or may not come to light during the discovery process. The plaintiff is not entitled to attachment now on the basis of what he hopes to discover.

For the foregoing reasons, the plaintiff's motion for approval of attachment and trustee process is **DENIED**.

Dated this 1st day of August, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

numbered at the bottom.

3