# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. MICHAEL, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL A. LIBERTY, et al., )<br>)<br>    Defendants ) | Civil No. 07-103-P-H |

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR CONTEMPT AND MOTION FOR SANCTIONS & ORDER OF FINAL JUDGMENT

In this case, I previously granted partial summary judgment to plaintiff David J. Michael ("Michael") and imposed Rule 37(d) sanctions against the defendants (collectively, "Liberty et al."),[1] but reserved for trial the defense of settlement. Just before the final pretrial conference, Liberty et al. withdrew their defense of settlement for "economic" reasons. Michael then filed a new motion for sanctions under Rule 56(g) against Liberty "for filing a bad-faith affidavit" in the summary judgment practice and later filed a motion for contempt because Liberty et al. had not yet paid the attorney fees I awarded as part of the Rule 37(d) sanctions. At the conference before the Magistrate Judge, all parties agreed that there was no need for trial, but there apparently was no discussion of what a judgment should look like.

---

[1] The defendants are Michael A. Liberty ("Liberty") and three corporate entities: American Housing Preservation Corporation, Equity Builders, Inc., and Liberty Management, Inc.

I now **DENY** the pending motions filed by Michael and **ORDER** that the Clerk **ENTER FINAL JUDGMENT** in the amount of $381,270.60.  Liberty et al.'s motion for leave to file a sur-reply is **DENIED**.

*(1)  Motion for Contempt*

Liberty wired $26,000 to Michael on February 27, 2008, in ostensible settlement of their underlying contractual dispute.  The parties did not go forward with the settlement for reasons that have been the subject of this lawsuit.  On May 27, 2008, I ordered Liberty et al. to pay the plaintiff's reasonable attorney fees in the amount of $7,270.60 for discovery violations.  Rather than pay the fees, Liberty et al. told Michael to subtract that amount from the $26,000 he is holding as a result of the failed settlement.  Michael is understandably upset with that response because he claims that he is entitled to $400,000 on the underlying contract, there now is no defense to that obligation, and the $26,000 is merely a start toward satisfying that obligation.

The order to pay the attorney fees is a financial obligation of Liberty et al.  The proper remedy is to add it to the amount of the judgment against them and allow post-judgment interest to run upon it.  Failure to pay it at this stage is not a basis for contempt.  I do not even have evidence that Liberty et al. are able to pay it.

*(2)  Motion for Rule 56(g) Sanctions*

Because the declaration (under penalty of perjury) filed by Liberty in opposition to Michael's motion for summary judgment was incorrect (Michael says false and in bad faith), Michael has requested that under Rule 56(g) I

order Liberty to pay all costs and attorney fees incurred since my summary judgment ruling (including trial preparation costs) and hold Liberty in contempt of court.  See Pl.'s Mot. to Impose Sanctions (Docket Item 53).

It is obvious that Liberty's initial declaration was wrong (he and his counsel concede that fact); there was no email agreeing to settle the case for an initial payment of $26,000.  See Def.'s Objection to Pl.'s Mot. to Impose Sanctions, at 6–7 (Docket Item 58).  I relied upon that very part of Liberty's declaration in denying summary judgment to Michael.  But Michael and his lawyers also were wrong.  Michael's Reply Brief stated that the deadline for Liberty et al.'s initial settlement payment was February 13, 2008. See Reply in Support of Mot. for Summ. J., at 3 (Docket Item 42); Supp'l Decl. of Ryan G. Baker in Support of Pl.'s Mot. for Summ. J., ¶¶ 5-6 (Docket Item 40).  And in Plaintiff's Reply to Defendants' Additional Statement of Material Facts in Support of Motion for Summary Judgment (Docket Item 39), Michael's lawyers stated: "In fact, the actual e-mail correspondence revels that the parties never agreed as to the timing . . . of the down payment," ¶ 65 (citing Supp'l Decl. of David J. Michael in Support of Mot. for Summ. J., ¶ 2 & Exs. (Docket Item 41)).  Those documents omitted a February 13, 2008, email from Michael to Liberty that stated that Michael would "hold off for two weeks," and proposed payment terms for two weeks out.  See Decl. of Michael A. Liberty in Opp'n to Pl.'s Mot. for Sanctions, Ex. C (Docket Item 58-6).[2]

---

[2] Inexplicably, Michael's Reply Brief (Docket Item 42) did quote the email, at 5, although it was not included in the Statement of Material Facts or the Declaration exhibits.  Presumably there *(continued next page)*

Michael wants me to find bad faith on Liberty's part and grant the sanctions motion on the papers or, if not, to conduct a hearing on the issue by telephone so that he does not have to come from California to Maine. But in light of the errors on both sides, I cannot conclude on this paper record that Liberty's affidavit was intentionally false or in bad faith. I am not going to make this type of credibility determination by telephone hearing. And finally, the paper record does not justify an in-person evidentiary hearing. It is time to bring this dispute to an end and provide a final judgment available for execution.

### ORDER OF FINAL JUDGMENT

On partial summary judgment, I determined that Liberty et al. were liable to Michael on the underlying contract in the amount of $400,000. The only defense has been withdrawn. It is undisputed that Liberty wired $26,000 to Michael in relation to that underlying contract (whether as settlement or not). That leaves a net sum due of $374,000. To that I add the attorney fee

---

was a clerical error in omitting the email from the exhibits in Michael's summary judgment papers. This error was repeated in Michael's motion for sanctions, where he states: "All February 13, 2008 e-mail correspondence between [Michael] and Liberty was attached as Exhibit A to the Supplemental Declaration of David Michael . . . . The February 13 e-mails evidence no agreement of any kind . . . ." Pl.'s Mot. to Impose Sanctions at 2.

　　The amount of the first payment under such an extension remains unclear: Michael proposed $25,000 "plus reimbursement on the motions cost," and mentioned "to do the motions over the last week another 10 grand." See Decl. of Michael A. Liberty in Opp'n to Pl.'s Mot. for Sanctions, Ex C. The previous day, there had been discussion of $5,000 or $3,000 in attorney fees to be added to $25,000. See Supp'l Decl. of Ryan G. Baker in Support of Pl.'s Mot. for Summ. J., ¶¶ 4-6 & Ex. A. Liberty says that by telephone the next week they agreed to $1,000 on top of the $25,000. Decl. of Michael A. Liberty in Opp'n to Pl.'s Mot. for Sanctions, ¶ 11 (Docket Item 58-3). Michael disagrees and says he never agreed to $26,000 and it is "completely illogical" to translate his statement "reimbursement of the motions cost" into $1,000. See Pl.'s Reply in Support of Mot. to Impose Sanctions, at 4–5 (Docket Item 59).

4

award of $7,270.60 from May 27, 2008, for a total of $381,270.60.  At the time of summary judgment I ruled that there was to be no prejudgment interest.

Accordingly, the Clerk shall now **ENTER FINAL JUDGMENT** for the plaintiff in the amount of Three Hundred Eighty-One Thousand Two Hundred Seventy Dollars and Sixty Cents ($381,270.60).  The plaintiff shall recover his costs.

**SO ORDERED.**

**DATED THIS 21 ST DAY OF JULY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

5